UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JORGE DELEMOS

Plaintiff,

v. Case No.: 2:25-cv-477-SPC-KCD

SECRETARY OF DEPARTMENT OF CORRECTIONS *et al.*,

Defendants.
_______________________________/

**OPINION AND ORDER**

Before the Court is Plaintiff Jorge Delemos's Complaint (Doc. 1). Delemos is a prisoner of the Florida Department of Corrections (FDOC), and he sues a slew of government departments and officials. The Court must review Delemos's complaint to determine if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915A. *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party

is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

The rules require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). The rules also require plaintiffs to set out their claims in separate, numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. Pro. 10(b). "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit Court of Appeals has identified four types:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action

> or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* at 1321-23. The main problem with shotgun pleadings is that they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. But shotgun pleadings are not just unfair to defendants. Resolving claims asserted in shotgun pleadings is "an undue tax on the Court's resources." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018). "Tolerating such behavior constitutes toleration of obstruction of justice." *Id.*

Delemos's complaint falls under the second, third, and fourth categories of shotgun pleadings. Delemos does not state what federal right the defendants violated. The body of his complaint is set out in unnumbered, narrative paragraphs, parts of which are illegible. The legible parts of Delemos's complaint mostly make vague claims about not being treated humanely. The only specific allegations recount an injury he received while working kitchen duty. Delemos burned his stomach, received medical treatment, and was forced to return to work before the injury fully healed. It is not at all clear who Delemos blames for that event or why. The complaint does not allege specific wrongful conduct by any defendant, and it fails to give the defendants fair notice of the factual allegations and legal claims asserted

against them. To continue prosecution of this case, Delemos must file an amended complaint that complies with Rules 8 and 10.

The Court also notes that Delemos—who is not proceeding *in forma pauperis*—is responsible for serving the defendants. Rule 4(m) states, "if a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." It Delemos files an amended complaint, he must serve the defendants with process by the deadline set below.

Accordingly, it is hereby **ORDERED:**

(1) Plaintiff Jorge Delemos's Complaint (Doc. 1) is **DISMISSED without prejudice**. Delemos may file an amended complaint by October 7, 2025. Otherwise, the Court will enter judgment and close this case without further notice.

(2) If Delemos files an amended complaint, he must serve the defendants with process by November 4, 2025. *See* Fed. R. Civ. P. 4. The Court will dismiss any defendants not served by the deadline.

**DONE** and **ORDERED** in Fort Myers, Florida on September 16, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record